IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : **CRIMINAL NO. 1:CR–07-112**
:
**v.** :
:
**SONYA FETTERHOFF** :

**M E M O R A N D U M**

**I.      Background**

Before the court is a petition filed *pro se* by Sonya Fetterhoff pursuant to 28 U.S.C. § 2255. Petitioner has filed a notice of election stating she wants to proceed on the original petition for writ of habeas corpus she filed on July 6, 2009. Therefore, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, this court will review the petition to initially determine if Petitioner is entitled to relief.

The petition contains allegations of incompetency of counsel. Petitioner claims that counsel (1) failed to argue that restitution should not be imposed; (2) that counsel should have argued against a term of supervised release; and (3) counsel advised Petitioner that there was little possibility of jail time.

Petitioner pled guilty to a single count of making false statements to agencies of the United States government in violation of 18 U.S.C. § 1001. She was sentenced on May 2, 2008 to a term of imprisonment of 18 months, a period of supervised release of two years, restitution of $44,101.28, and a special assessment of $100.00. On May 7, 2008, a notice of appeal was filed in which Petitioner alleged the sentence was unreasonable. On May 27, 2009, the sentence was

affirmed by the court of appeals and the mandate was filed on June 18, 2009. Thereafter, on July 6, 2009, the instant petition was filed.

**II.      Discussion**

    **A.     Standard Regarding Competency of Counsel**

To prevail on a claim of ineffective assistance of counsel, a Defendant must demonstrate that counsel's performance was objectively deficient and, with a few exceptions, that prejudice resulted. Strickland v. Washington, 466 U.S. 667,668 (1984). A lawyer's representation is considered objectively deficient if it "fell below an objective standard of reasonableness." Id. at 688. To establish prejudice, a defendant must demonstrate that there is a "reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. With this standard in mind, Petitioner's claims will be addressed.

    **B.     Restitution**

The Mandatory Restitution Act of April 24, 1996, Title 18 U.S.C. § 3663A, requires this court in all instances to order full restitution for all victims for their losses suffered as a result of a defendant's illegal conduct. Furthermore, in paragraph 12 of the plea agreement, Petitioner acknowledged her obligation to make full restitution.

Section (B)(i)(11) of § 3663 does permit the court to consider the financial resources of a defendant, financial needs, and earning ability when determining restitution. In recognition of this, on January 9, 2009, this court entered an order amending the restitution payments while Petitioner is incarcerated. However, counsel was not incompetent for failing to argue against restitution when

the plea agreement called for such payments and in light of the Mandatory Restitution Act.

### C. Supervised Release

Under Title 18 U.S.C. § 3583(b)(2), the court can impose a term of supervised release of not more than three years. Pursuant to USSG § 5D1.1, supervised release is required if a sentence of imprisonment exceeding one year is imposed. Petitioner's term of imprisonment is 18 months. Pursuant to USSG § 5D1.2 (a)(2), if supervised release is imposed, it shall be at least two but no more than three years. Petitioner was given a two year term of supervised release.

Petitioner was advised in the plea agreement that she was subject to a term of supervised release (Plea Agree. (hereinafter "Doc. 26") at ¶¶ 1 &2), as well as verbally advised by the court during her guilty plea proceeding. (Trans. of Guilty Plea Proceeding (hereinafter "Doc. 58") at p. 6, line 12 - p. 7, lines 13.) Counsel cannot be deemed incompetent for failing to argue against supervised release when the imposition of such a term is required by law and the United States Sentencing Guidelines.

### D. Imposition of Term of Imprisonment

Petitioner argues, in part, that ". . . my counsel had told me that there was little possibility that I would see any jail time." During the guilty plea proceeding, Petitioner was advised of her potential term of imprisonment. (Doc. 58 at p. 6, lines 10-11 & p. 7, lines 11-12 .) During the plea colloquy, Petitioner was asked the following:

> Court    Have there been any promises made to you whatsoever that haven't been set forth in the plea agreement?
>
> Defendant    No.

> Court        Has anyone promised you what your sentence would be?
>
> Defendant    No.

(Doc. 58 at p. 7, lines 4 - 9.) Petitioner was further advised as follows:

> Court        Furthermore, do you understand there are guidelines that this court can look to in order to determine an appropriate sentence for you? If anyone has estimated what that guideline might be, it is not binding on this court. I will not know what your guideline is until your presentence investigation has been done. So, if anyone promised you a guideline that is different than what I ultimately conclude is your guideline, you cannot withdraw your guilty plea. Do you understand?

(*Id.* at p. 7, line 25 through p. 8, line 9.)   The defendant advised the court that she had no questions concerning the contents of the plea agreement. (*Id.* at p. 9, lines 5 - 7.)

The plea agreement also advised Petitioner of a possible term of imprisonment. (Doc. 26 at p. 2, ¶ 1 and p. 12, ¶ 17). Petitioner was further advised in the plea agreement that if the court imposed a sentence with which she was dissatisfied, she could not withdraw a guilty plea. (*Id.* at p. 12, ¶ 18.)

Petitioner stated that the fact that counsel may have offered his assessment of her serving no jail time gave her "false hopes." (Petition for Writ of Habeas Corpus at p. 8 (Doc. 75).) Petitioner does not allege that she entered a plea or signed a plea agreement unknowingly or on the promise of no jail time. In any event, Petitioner was fully advised that if anyone made such a promise (which she denied under oath), it would not be binding on this court. (Doc. 58 at p. 7, lines 21-23.)

While counsel's assessment of a potential sentence may have been incorrect, it is not a sign of incompetency. At sentencing, counsel argued vigorously for a non-custodial sentence.

**III.     Conclusion**

Based on the foregoing, this court does not find counsel to be incompetent. An appropriate order will be issued.

s/Sylvia H. Rambo<br>United States District Judge

Dated: July 31, 2009.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : **CRIMINAL NO. 1:CR–07-112**
:
:
**v.** :
:
:
**SONYA FETTERHOFF** :

# O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The petition for writ of habeas corpus (Doc. 75) is dismissed without service for failure to state a cause of action.

2) The Clerk of Court shall close the file.

3) This court declines to issue a certificate of appealability.

                                            s/Sylvia H. Rambo
                                            United States District Judge

Dated: July 31, 2009.